1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  ROBERT CARLSON,              | Case No. 2:24-cv-06573-FLA (Ex) |
| 12          Petitioner,          | **ORDER ACCEPTING FINDINGS,** |
| 13       v.                      | **CONCLUSIONS, AND** |
| 14  WARDEN, FCC LOMPOC,          | **RECOMMENDATIONS OF UNITED** |
| 15          Respondent.          | **STATES MAGISTRATE JUDGE** |

16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition, Dkt. 1, Report and Recommendation of United States Magistrate Judge ("Report"), Dkt. 16 ("R&R"), and all of the records in this action. Further, the court has engaged in a *de novo* review of those portions of the Report to which objections have been made. *See* Dkt. 17 ("Petitioner's Obj.'s").

The Report recommends denial of the Petition, which challenges the application of credits under the First Step Act, and dismissal of this action without prejudice. *See generally* R&R. Specifically, the Report finds Petitioner is not yet eligible for relief because "Petitioner's 'earned time credits' (even as alleged by Petitioner) are far fewer than 'an amount that is equal to the remainder of Petitioner's imposed term of imprisonment.'" *Id*. at 2 (quoting 18 U.S.C. § 3624(g)(1)(A)) (cleaned up). Petitioner's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendation.

Petitioner objects he may proceed with this claim because the Bureau of Prisons ("BOP") is not interpreting the statute in the manner explained in the Report. Petitioner's Obj.'s at 1–2. As support, Petitioner attaches an "admission and orientation" document from the BOP explaining, by way of example, the earning rate of credits. *Id*., Ex. A. This document is not binding or definitive. Moreover, the objection, which goes to the earning rate, does not undermine the Report's finding that Petitioner is not yet eligible for relief. As found by the Report, federal courts read 18 U.S.C. § 3624(g)(1)(A) to mean that the BOP is permitted to apply time credits only once an inmate has earned time credits that equal the remainder of his sentence. R&R at 2–3 (collecting cases).

Petitioner further objects that the delay in adjudicating this matter would result in "irreparable harm" because, by the time the matter is adjudicated, "Petitioner will already be placed in [a] Halfway House and/or Home Confinement, albeit late." Petitioner's Obj.'s at 2–3. Possible placement in a halfway house or home confinement, however, does not undermine the Report's finding that, until Petitioner accumulates

sufficient credits to equal the remainder of his sentence, he is not eligible to have the credits applied. *See Cole v. Ricolcol*, Case No. 23-cv-01405-JFW (PVCx), 2024 WL 2702917, at *3 (C.D. Cal. Apr. 19, 2024) (credits cannot be applied toward placement in pre-release custody until the earned credits equal the amount of time left to serve on the sentence) (citing, *inter alia*, *Milchin v. Warden*, Case No. 22-cv-00195-KAD, 2022 WL 1658836, at *3 (D. Conn. May 25, 2022) (rejecting argument that First Step Act credits should be applied earlier because it would move up the inmate's release date and eligibility for home confinement)).

Accordingly, the Court ACCEPTS and ADOPTS the Report and ORDERS as follows:

1. The Petition (Dkt. 1) is DISMISSED without prejudice.
2. Judgment shall be ENTERED accordingly.
3. The Clerk shall SERVE a copy of this Order, the Report, and the Judgment on Petitioner and all counsel of record.

IT IS SO ORDERED.

Dated: January 27, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge